THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TRACEY J. FIRMIN   XXX-XX-6456<br>311 W. DREW<br>KIRBYVILLE, TX 75956<br><br>REBECCA A. FIRMIN   XXX-XX-7375<br>311 W. DREW<br>KIRBYVILLE, TX 75956<br><br>DEBTORS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NUMBER: <u>17-10091</u><br><br>CHAPTER 13 |

**TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS**
**(WITH NOTICE OF BAR DATE FOR ADDITIONAL OBJECTIONS TO CLAIMS)**

## Notice Regarding Trustee's Recommendation Concerning Claims:

THIS DOCUMENT SHALL CONSTITUTE AN **OBJECTION TO YOUR CLAIM** UNLESS THE RECOMMENDATION IN THIS DOCUMENT CONCERNING YOUR CLAIM ACCEPTS YOUR PROOF OF CLAIM PRECISELY AS FILED.

NO HEARING WILL BE CONDUCTED ON THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE TRUSTEE WITHIN **TWENTY-EIGHT (28) DAYS** FROM DATE OF SERVICE, UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE OR OBJECTION.

IF NO OBJECTION IS TIMELY SERVED AND FILED TO THIS DOCUMENT, THE TRUSTEE'S RECOMMENDATION CONCERNING YOUR CLAIM SHALL BE SUSTAINED AS UNOPPOSED AND YOUR CLAIM SHALL BE ALLOWED ONLY AS SET FORTH IN THIS DOCUMENT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

## Notice of Deadline for Filing Objections to Claim:

YOU ARE FURTHER NOTIFIED that the **deadline for filing an objection** to the allowance of any proof of claim filed in this case, or to avoid or otherwise challenge the validity of any security interest claimed in any proof of claim in this case, is the **twenty-first (21st) day** following the date of service of this document.

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW, John J. Talton, Trustee in these proceedings, and making this his recommendation concerning claims, would respectfully show the Court as follows:

**1. Purpose of the Trustee's Recommendation Concerning Claims:** The time for filing claims in this proceeding has expired. The Trustee has reviewed all of the claims filed in this proceeding and compared such to the terms of the confirmed Plan. The purposes of the Trustee's Recommendation Concerning Claims (the "TRCC" herein) are as follows:

   a. to reconcile the terms of the confirmed Chapter 13 Plan with the claims as actually filed by the Creditors, including, if applicable, the Trustee's objections to claims pursuant to the provisions of Paragraph 5 herein;
   b. to set forth herein his recommendations on his disbursements of plan payments to the creditors and their claims as a result of this reconciliation;
   c. to give notice to the parties of interest the result of this reconciliation and the Trustee's recommended disbursements of plan payments to the creditors and their claims as a result of this reconciliation; and
   d. to give the parties of interest an opportunity to object to these recommendations and proposed disbursements.

The TRCC does <u>not</u> serve as a modification of the terms of the confirmed Chapter 13 Plan. Creditors' objections concerning their treatment under the terms of a proposed Chapter 13 Plan should be timely asserted as an objection to confirmation of the Plan, not as an objection to the TRCC that accurately reflects the terms of the confirmed Chapter 13 Plan.

   Ultimately, a Court Order will be entered approving the Trustee's recommendations as set forth herein [as possibly modified as a result of objection(s), if any, filed herein] and the Trustee shall commence disbursing to the creditors in accordance to such

The attached schedules set forth the Trustee's recommendations on how the claims should be paid or, if applicable, should not be paid, pursuant to the terms of the confirmed Chapter 13 Plan as reconciled with the claims as actually filed herein.

2. **Objections to the Trustee's Recommendation Concerning Claims:** If a party in interest disagrees with the Trustee's recommendations as set forth in the attached Schedules, the party in interest may file with the Court an objection to the TRCC **within twenty-eight (28) days from the date of service hereof**. In the absence of a timely objection to the TRCC, the Court shall enter a Court Order sustaining the recommendations as set forth herein AND **SUCH TREATMENT WILL BE FINAL AND BINDING ON ALL PARTIES WITHOUT FURTHER ORDER OF THE COURT**.

3. **Valuation of Collateral subject to Cram Down:** Pursuant to an additional provision added to the Chapter 13 Plan and/or Confirmation Order, replacement value of the collateral of the claims as set forth in Paragraph 6(A)(ii)(b) of the Chapter 13 Plan was not set at confirmation and is not binding upon the Creditor(s) unless the Creditor(s) have agreed to the value as set forth in the Chapter 13 Plan and/or Confirmation Order or the Court has entered a Court order setting such value. The Trustee shall pay these claims as set forth in Schedule IV.

4. **Objections to Claims by Parties in Interest:** The deadline for filing an Objection to the allowance of any proof of claim filed in this case or to avoid or otherwise challenge the validity of any security interest claim in any proof of claim in this case is the **twenty-first (21st) day** following the date of service of this TRCC. Any such Court Order entered subsequent to the filing of this TRCC, to the extent applicable, shall constitute an amendment of these Recommendations.

5. **Objections to Claims by Trustee:** Through this TRCC, if applicable, the Trustee objects to certain claims as set forth in the attached Schedule X for the limited reasons as stated therein. **Otherwise, the Trustee is not objecting to the claims.**
In addition, the Trustee seeks the entry of an order prohibiting payment by the Trustee of any claim(s) filed subsequent to the filing of this TRCC without an express order of the Court allowing such a late-filed claim.

6. **Amended Claims:** Any amended proof(s) of claim filed herein pertaining to an allowed claim provided for in the confirmed Chapter 13 Plan, to the extent applicable and as interpreted by the Trustee, shall constitute an amendment of these Recommendations. For the purpose of this paragraph, post-petition claims filed pursuant to the provisions of 11 U.S.C. 1305 do not constitute an amended claim nor constitute an amendment of these Recommendations unless the terms of the confirmed Chapter 13 Plan contemplated the payment of such post-petition claims. In order for the Trustee to pay such 1305 claims, the terms of the confirmed Chapter 13 Plan must be modified pursuant to the provisions of 11 U.S.C. 1329.

7. **Scheduled Claims to which No Claim was Filed:** If a Claimant was listed either in the Debtor(s)' bankruptcy schedules or in the confirmed plan and that Claimant is not otherwise listed in the attached Schedules of this TRCC, that particular Claimant has not filed a proof of claim in this bankruptcy. **The Trustee shall make no distributions or payments to such a Claimant.**

8. **Distribution to Creditors Pursuant to the Trustee's Recommendation Concerning Claims:** The Trustee's payment of all claims *as set forth herein* is subject to the availability of funds. Claims to which a specified monthly payment is designated shall be paid in advance of those to which a monthly payment is not so specified. Claims to which a monthly payment is not specified shall be paid concurrently with all other claims with the same classification on a pro rata basis to the extent funds are available on a monthly basis with other similarly situated claims after payment of claims with specified monthly payments. To the extent claims are paid through the plan and the Trustee acts as the disbursing agent, if an interest rate is specified, said claim shall be paid interest as calculated by the Trustee from confirmation of the plan or the date to which a proof of claim is filed, whichever is later. If no interest rate is so specified no interest shall accrue or be paid under the reorganization plan. The monthly payments and interest rates applicable to a particular claim, if applicable, are set forth in the attached Schedules.

9. **The Trustee's Claims Adjudication or Preliminary Notice of Infeasibility after the Trustee's Recommendation Concerning Claims:** As noted below, the Trustee has made a preliminary determination that the terms of the confirmed Chapter 13 Plan are either feasible or infeasible. The Trustee is providing this information to the parties in interest for informational purposes only and is not seeking, through this TRCC, a judicial finding that the plan is in fact feasible or not feasible. That issue will be determined later. **If a party in interest disagrees with these preliminary findings, an objection to the TRCC is not necessary.**
If the Trustee determines that the confirmed Chapter 13 Plan is in fact infeasible, the Debtor(s) must address this infeasibility of the Plan **within forty-five (45) days** of the entry of the Order approving this TRCC. In the event the infeasibility of the Plan is not timely addressed by the Debtor(s), the Trustee or other interested party may file a motion to dismiss the Debtor(s)' bankruptcy case based upon this infeasibility.

Trustee's Notice that the Plan is Infeasible as failing to fully provide for all secured claims subject to Cram Down. The Trustee is of the opinion that the confirmed Chapter 13 Plan, based on the allowance of claims as set forth herein, is infeasible in that the replacement value of collateral subject to cram down as set forth in the terms of the confirmed Chapter 13 Plan does not fully provide for the payment of the secured value of the collateral as set forth in the applicable secured claim and this discrepancy has not been resolved by an agreement of the Debtor(s) and the affected Creditor or by the entry of a Court Order setting value for said collateral.

Wherefore, the Trustee requests this Court to approve this Trustee's Recommendation Concerning Claims as such may be amended to the extent applicable by (1) any claim objection order; (2) any valuation order on collateral securing an allowed claim provided for in the confirmed plan that is subject to 11 U.S.C. 506 bifurcation; or any amended proof(s) of claim filed herein pertaining to an allowed claim provided for in the confirmed plan.  The Trustee further requests this Court to disallow any claims as objected to under Schedule X as herein noted for the reasons as stated therein.  Finally, the Trustee requests an Order that the Trustee is prohibited from paying any all late-filed claim(s) filed subsequent to the filing of the Trustee's Recommendation Concerning Claims without an express order of the Court.

CERTIFICATE OF SERVICE

 This is to certify that a true and correct copy of the foregoing TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS (WITH NOTICE OF BAR DATE FOR ADDITIONAL OBJECTIONS TO CLAIMS) has been served upon the following parties in interest on or before the date set forth below by electronic mail and/or by mailing a copy of same to them via first class mail: 10/4/2017 .

TRACEY J. FIRMIN
311 W. DREW
KIRBYVILLE, TX 75956

REBECCA A. FIRMIN
311 W. DREW
KIRBYVILLE, TX 75956

STEVEN S. PACKARD
PACKARD LAPRAY
1240 ORLEANS ST
BEAUMONT, TX 77701

SKOPOS FINANCIAL, INC.
8616 FREEPORT PKWY #2B
IRVING, TX 75063

MODEL FINANCE CO.
C/O CAPITAL RECOVERY GROUP
BIN #920074
PO BOX 29425
PHOENIX, AZ 85038-9425

FORD MOTOR CREDIT CO.
DEPT 55953
PO BOX 55000
DETROIT, MI 48255-0953

IRS
PO BOX 7317
PHILADELPHIA, PA 19101-7317

US DEPT OF EDUCATION
PO BOX 530229
ATLANTA, GA 30353-0229

FIRST NATIONAL BANK OF AMERICA
PO BOX 980
EAST LANSING, MI 48826

HARLEY DAVIDSON CREDIT CORP
DEPT 15129
PALATINE, IL 60055-5129

JASPER COUNTY
PO BOX 1970
JASPER, TX75951

        and the parties listed on the attached Mailing Matrix

        Respectfully submitted,

4

/s/ John J. Talton  
John J. Talton, SBN 19629700  
Lloyd T. Kraus, SBN 24066773  
Office of the Standing Chapter 13 Trustee  
110 N. College Avenue, Suite 1200  
Tyler, TX 75702  
(903)593-7777, Fax (903) 597-1313  

# SCHEDULE I
## Administrative Expenses

The confirmed plan provides for the payment of the Trustee in accordance with the percentage as fixed by the United States Trustee as well as the payment of the following administrative claims in the amounts set forth herein.

| CLAIMANT | CLASS | CLAIM# | AMOUNT | MONTHLY PMT | COMMENTS |
|---|---|---|---|---|---|
| STEVEN S. PACKARD | L | | $3,387.00 | First Funds | ATTORNEY FEES PRAYED FOR $4000.00; $113.00 PAID DIRECT BY DEBTOR; $3387.00 TO BE PAID THRU PLAN. |
| STEVEN S. PACKARD | L | | $500.00 | First Funds | $500.00 TO BE PAID UPON STAY LITIGATION FEE CERT IF ANY, IF FILED PRIOR TO FIRST SUCCESSFUL MOD OF PLAN. |

## SCHEDULE II
### Priority Claims

If applicable, the confirmed Chapter 13 Plan provides for the payment of the following unsecured priority claims as follows.

### Unsecured Priority Domestic Support Obligation Claims

The "Unsecured Priority Domestic Support Obligation" claims, if any, shall be paid in full, without interest, concurrently with secured claims.

### Other Unsecured Priority Claims

The "Other Unsecured Priority Claims", if any, shall be paid in full, without interest, subsequent to payment of secured claims and unsecured priority Domestic Support Obligation claims, lease arrearage claims, and domestic support claims but prior to General Unsecured Claims.

## SCHEDULE III
### Pay Full Claims i.e. No Cram Down

If applicable, the confirmed Chapter 13 Plan provides for the payment of certain claims secured by personal property which is not subject to 11 U.S.C. 506 bifurcation ("non-cram down claims" herein). Accordingly, the Trustee shall pay such non-cram down claims in full in the following amounts with interest, if any, at the monthly payment as set forth below. Please note that the secured portion of the claim as paid herein has been reduced by the amount of adequate payments, if any, as set forth in this Schedule paid in advance of other claims.

| CLAIMANT | CLAIM# | AMOUNT | INT | MONTHLY PMT | NOTES |
|---|---|---|---|---|---|
| MARTIN MOTORS | 13 | $16,582.00 | 5.00% | $643.18 | 2010 NISSAN FRONTIER. Atty Filed Claim. |
| MARTIN MOTORS | 14 | $13,741.00 | 5.00% | $528.66 | 2011 TOYOTA COROLLA. Atty Filed Claim. |
| MARTIN MOTORS | 15 | $2,084.38 | 5.00% | $78.55 | 2011 TOYOTA COROLLA (~75,000 MILES)/per conf order 5-16-17. Atty Filed Claim. |
| MARTIN MOTORS | 13 | $486.00 | 0.00% | $486.00 | 2010 Nissian Fronter/AP payments 3 months x 162.00. Atty Filed Claim. |
| MARTIN MOTORS | 14 | $288.00 | 0.00% | $288.00 | 2011 Toyota Corolla. AP payments 3 months x 96.00. Atty Filed Claim. |
| FIRST NATIONAL BANK OF AMERICA | 08 | $27,070.92 | 5.75% | $911.43 | Homestead/per conf order 5-16-17. |

## SCHEDULE IV
### Pay Lesser of Value of Collateral or Claim Amount i.e. Cram Down

If applicable, the confirmed Chapter 13 Plan provides for the payment of certain claims secured by personal property which are subject to 11 U.S.C. 506 bifurcation ("cram down" claims herein). Accordingly, the Trustee shall pay such cram down claims in the lesser amount of either the replacement value as determined in the next sentence of this paragraph or the secured claim amount as set forth in the Creditor's Proof of Claim. The "replacement value", as that term is used herein, shall reflect either the amount of the replacement value as set forth in Paragraph 6(A)(ii)(b) of the confirmed Chapter 13 Plan; the agreed replacement value as reflected in an agreement between the Debtor(s) and the Creditor as reflected in the terms of the Confirmation Order; or the replacement value as set by Court Order. **Nothing contained herein shall constitute the setting of replacement value of the underlying collateral absent such an agreement or Court order if the replacement value in the confirmed Chapter 13 plan differs from the secured value as set forth in the underlying claim.** Accordingly, the Trustee shall pay such cram down claims, if any, in the amount as set forth below with interest, if any, at the monthly payment as set forth below. Please note that the secured portion of the claim as paid herein has been reduced by the amount of adequate protection payments, if any, as set forth in this Schedule that were paid in advance of other claims. To the extent said claims exceed the value of the collateral securing said claims, such claims are set forth below and classified as "General Unsecured" to be paid in the same manner as the other general secured claims as set forth in Schedule VI.

| CLAIMANT | CLAIM# | AMOUNT | INT | MONTHLY PMT | NOTES |
|---|---|---|---|---|---|
| HARLEY-DAVIDSON CREDIT CORP. | 09 | $5,397.62 | 5.00% | $205.15 | 2009 HD 1200 SPORTSTER/AP payments 3 months x 68.00. |
| MODEL FINANCE CO. | 02 | $1,178.51 | 5.00% | $43.73 | 2005 YAMAHA R 1/AP payments 3 months x 15.00. |
| REGIONAL ACCEPTANCE CORPORATION | 04 | $10,307.50 | 5.00% | $393.32 | 2008 FORD MUSTANG/AP payments 3 months x 130.00. |
| SKOPOS FINANCIAL LLC | 01 | $9,776.00 | 5.00% | $373.06 | 2014 KIA SOUL/AP payments 3 months x 124.00. |
| HARLEY-DAVIDSON CREDIT CORP. | 09 | $68.00 | 0.00% | $68.00 | 2009 Harley Davidson 1200 Sportster/remaining ap's. |
| MODEL FINANCE CO. | 02 | $15.00 | 0.00% | $15.00 | 2005 Yamaha R1/Remaining ap. |
| REGIONAL ACCEPTANCE CORPORATION | 04 | $130.00 | 0.00% | $130.00 | 2008 Ford Mustang/Remaining ap. |
| SKOPOS FINANCIAL LLC | 01 | $124.00 | 0.00% | $124.00 | 2014 Kia Soul/Remaining ap. |
| AARON SALES & LEASE | 12 | $185.00 | 5.00% | $13.16 | WASHER & DRYER Atty filed claim Disb #1136677 forward time expired/reserve |
| RGM RENTALS LLC | 16 | $2,079.16 | 5.00% | $81.41 | BUILDING/Attorney filed. Disb# 1139296 returned/undeliverable/Reserved |
| AARON SALES & LEASE | 12 | $15.00 | 0.00% | $15.00 | washer and dryer. AP payments 3 months x 5.00. Atty filed claim Disb #1136677 forward time expired/reserve |
| RGM RENTALS LLC | 16 | $81.00 | 0.00% | $81.00 | Building/AP payments 3 months x 27.00. Attorney filed. |

In the event the replacement value of the underlying collateral as set forth herein differ from the secured value of said collateral as set forth in the proof of claim and absent an agreement between the Debtor(s) and Creditor or a Court order setting value, the Trustee has noted herein his preliminary finding that this plan is infeasible. Any Court Order entered subsequent to the filing of this TRCC that sets replacement value of the collateral, to the extent applicable, shall constitute an amendment of these Recommendations and the Trustee shall pay the lower of this established replacement value of the collateral or the total amount of the claim.

## SCHEDULE V
## Pay Arrears Only of Secured Claims

If applicable, the confirmed Chapter 13 Plan provides for the payment of certain arrearage claim(s) secured by real property. Accordingly, the Trustee shall pay such claim(s), if any, in the amount(s) set forth below with interest, if any, at the monthly payment(s) as set forth below. If applicable, the ongoing payment(s) on said claim(s) shall be paid direct by the Debtor(s) as disbursing agent(s) as set forth in Schedule VII.

| CLAIMANT | CLAIM# | AMOUNT | INT | MONTHLY PMT | NOTES |
|---|---|---|---|---|---|
| JASPER COUNTY | 11 | $1,311.49 | 12.00% | $137.73 | PROPERTY TAXES - HOMESTEAD |

## SCHEDULE VI
### General Unsecured Claim(s)

The following Claimant(s) have filed general unsecured claim(s) in this bankruptcy. Such claim(s) will be paid on a pro rata basis after payment in full of all secured and unsecured priority claims as set forth above.

Estimated Dividend to Unsecured CreditorsApproximate percentage distribution to allowed unsecured claims as set forth herein based upon current plan base amount: 100% . This percentage distribution may increase or decrease due to other factors including but not limited to (1) the timing and consistency of the Debtor(s)' plan payments; (2) additional funds that may increase the plan base (for example, tax refunds, non-exempt recoveries from lawsuits or other claims, sale of non-exempt property, etc.); (3) subsequent Court orders on claims objections or valuation motions that may alter secured claims paid under this TRCC; and/or (4) amended or allowed late filed claims.

| CLAIMANT | CLAIM# | AMOUNT | INT | MONTHLY PMT | NOTES |
|---|---|---|---|---|---|
| US DEPT OF EDUCATION | 07 | $45,905.31 | 5.00% | $0.00 | |
| SKOPOS FINANCIAL LLC | 01 | $14,553.95 | 5.00% | $0.00 | 2014 KIA SOUL |
| FORD MOTOR CREDIT COMPANY, LLC | 03 | $12,179.56 | 5.00% | $0.00 | |
| REGIONAL ACCEPTANCE CORPORATION | 04 | $9,306.84 | 5.00% | $0.00 | 2008 Ford Mustang. |
| CACH, LLC | 10 | $6,110.24 | 5.00% | $0.00 | ONEMAIN FINANCIAL GROUP, LLC - CHANGED CREDITOR ADDRESS PER COA FILED ON 07/20/2017. |
| QUANTUM3 GROUP LLC | 05 | $171.67 | 5.00% | $0.00 | Jasper Emergency Medicine Associates, Pa |
| AARON SALES & LEASE | 12 | $149.48 | 5.00% | $0.00 | Washer/Dryer atty filed claim |

## SCHEDULE VII
### Direct Payments- Debtor to act as disbursing agent

If applicable, the confirmed Chapter 13 Plan provides for the following claim(s), if any, to be paid direct by the Debtor(s) as disbursing agent(s). The Trustee will not pay these claim(s) except to the extent, if applicable, that arrears are to be paid pursuant to the provisions of Schedule V.

## SCHEDULE VIII
### Claims Not Provided For In Debtors Plan for Reorganization

If applicable, the following creditor(s), if any, filed secured and/or unsecured priority claim(s) that were not provided to be paid under the terms of the confirmed Chapter 13 Plan. Accordingly, these claim(s), if any, will not be paid by the Trustee.

In the event there are priority claim(s) as set forth herein that are not provided to be paid under the terms of the confirmed Chapter 13 Plan, the Trustee has noted herein his preliminary finding that this plan is infeasible.

## SCHEDULE IX
### Surrendered Claims Which Trustee Will Not Pay

If applicable, the confirmed Chapter 13 Plan provides for the surrender of collateral to certain Creditor(s). Accordingly, the Trustee shall not pay these claim(s) unless the Creditor(s) file amended claim(s) reporting a deficiency within 60 days of the entry of the Court order approving this TRCC. The Trustee shall pay such deficiency claim as a general unsecured claim in the manner as set forth in Schedule VI.

## SCHEDULE X
## Claims Which the Trustee Will Not Pay For Reasons Set Forth In The Description Herein

The following claims, if any, will not be paid by the Trustee for one of the following reasons: the underlying claim(s) cannot be reconciled with the terms of the confirmed Chapter 13 Plan for the reason(s) as stated herein; or the Trustee objects to the claim(s) for one or more of the reasons as set forth in the next paragraph.

To the extent applicable, the Trustee objects to the claim(s) below, if any, for one of the following reasons: the creditor(s)' claim(s) were filed after the Claims' Bar Dates without authority from the Court to file such claim(s); claim(s) filed by debtor(s) on behalf of creditor(s) were filed beyond thirty (30) days after the Claims' Bar Dates as authorized in Bankruptcy Rule 3004 without an express order of the Court authorizing such claim(s); claim(s) were filed in the wrong case; and claim(s) were filed as a duplicate to another claim filed in this case. **Unless one of these reasons are applicable, the Trustee is not objecting to the claims but is simply setting forth in this TRCC how the claim shall be paid or not paid, if applicable, under the terms of the confirmed Chapter 13 Plan.**

In support of these objections to claim(s), if any, the Trustee requests the Court to take judicial notice of the following: the Claims' Bar Date and the date(s) the underlying claim(s) were filed; the name(s) of the Debtor(s) and case number(s) as noted on the underlying claim(s) and the name(s) of the Debtor(s) and case number of this bankruptcy case, if different; and/or the existence of duplicate claim(s) filed herein by the same Creditor(s) if applicable.

| CLAIMANT | CLAIM# | AMOUNT | INT | MONTHLY PMT | NOTES |
|---|---|---|---|---|---|
| INTERNAL REVENUE SERVICE | 06 | $0.00 | 0.00% | $0.00 | 2016 TAXES - AMENDS POC FILED ON 03/01/2017 to zero. |

In addition, the Trustee seeks the entry of an order prohibiting payment by the Trustee of any claim(s) filed subsequent to the filing of this TRCC without an express order of the Court authorizing such claim(s).

## SCHEDULE XI
## Void Lien Claims

If applicable, the confirmed Chapter 13 Plan provides that the lien(s) held by the following Creditor(s), if any, are voided pursuant to the provisions of 11 U.S.C. 522(f). Accordingly, the Trustee shall pay these claims, if any, as general unsecured claims pursuant to the provisions of Schedule VI.

9