IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN RE: * | |
| * | |
| TRACEY J. FIRMIN * | Case No. 17-10091 |
| REBECCA A. FIRMIN * | Chapter 13 |
| 311 W. DREW * | |
| KIRBYVILLE, TX 75956 * | |
| xxx-xx-6456/ xxx-xx-7375 * | |

Debtors

### MOTION TO DISMISS FOR INFEASIBILITY AND SETTING HEARING

**The Trustee requests this Court to set this Motion for hearing on the <u>11th</u> day of <u>January, 2018</u>, at <u>10:00 am</u> in the UNITED STATES BANKRUPTCY COURT, 300 WILLOW SUITE 112, BEAUMONT, TX**

To the Honorable Judge of Said Court:

Comes Now, John J. Talton, Chapter 13 Trustee, and files this his Motion to Dismiss for Infeasibility and Setting Hearing filed in the above styled case and for cause would show the following:

### Jurisdiction

1.    The Court has jurisdiction over this proceeding in accordance with 28 USC 157 and 1334.  This is a core proceeding according to 28 USC 157(b).

### Infeasible

2.    In this case, the Debtors' Plan as confirmed by the Court is infeasible or has become infeasible for the following reason(s) and therefore should be dismissed as herein requested:

(  )    **Underfunded:**  The plan is now underfunded in that the sum of the plan payments paid and/or to be paid to the Trustee is not sufficient to pay all of the claims and administrative fees that the Trustee must pay under the terms of the confirmed plan..

(  )    **Priority Claim Not in Plan:**  A Chapter 13 plan must provide for the full payment of all priority claims unless the priority claimant agrees to a different treatment of that claim pursuant to 11 USC 1322(a)(2).  The confirmed plan fails to provide for the following priority claim(s):  [Name or names of priority claimants].

(  )    **The Sum of Plan Payments does not equal the Plan Base:**  The sum of the plan payments as set forth in the last confirmation order entered herein do not equal the total plan base as set forth therein, thereby leaving the plan infeasible due to the inconsistent terms of the order.

( )    **The Date of Plan being confirmed in the Confirmation Order is Wrong:**  The date of the Chapter 13 plan that is referred to in the last confirmation order is wrong in that it does not refer to an existing plan or it refers to a Chapter 13 plan that is no longer "live" in that the plan was previously denied, stricken, or amended by a subsequent Chapter 13 plan, thereby rendering the plan purportedly confirmed by the confirmation order entered herein infeasible.

( x )    **The Confirmation Order herein fails to fully provide for a claim and/or amounts previously paid by the Trustee on a particular claim:**  The last confirmation order as herein entered fails to fully provide for the following claims and/or the amounts (principal and interest) previously paid by the Trustee to the following creditor(s):  **Skopos Financial, claim #1-3; Regional Acceptance Corp., claim #4-1.**

( )    **Start Date for plan payments as set forth in the Confirmation Order is wrong:**  The start date for plan payments as set forth in the terms of the last confirmation order is wrong that makes it otherwise infeasible for the debtor(s) to make all of the plan payments as set forth therein.

( )    **Other:**  [Other basis that may render the plan infeasible]

3.    The Trustee asserts that the case should be dismissed for cause under 11 USC 1307(c) for infeasibility; for unreasonable delay by the Debtors that is prejudicial to the creditors pursuant to 11 USC 1307(c)(1); and for a material default of a term of the confirmed Chapter 13 plan pursuant to 11 USC 1307(c)(6) and that such dismissal is in the best interests of the creditors.

## Lack of Plan Payments, if Applicable

4.    If checked off below, the Trustee asserts that, in addition to the plan being infeasible, the case should be dismissed for the Debtors' failure to make plan payments as follows:

( )    The Debtors have unreasonably delayed the case because of non-payment of the Chapter 13 Plan as required by 11 USC 1326(a)(1) that justify the dismissal of this case pursuant to the provisions of 11 USC 1307(c)(4) and (1).  The dismissal of this case based upon the Debtors' failure to make plan payments is in the best interests of the creditors.  As of <AsOfDt> the Debtors are in arrears in the amount of <Arrear>. The Debtors are also responsible for keeping payments current after <Currentdt>.

**Payments to bring the Plan current should be mailed in advance of the hearing so that it is received by the Trustee at least seven (7) business days prior to the Court hearing on this Motion and should be in the form of a Cashier's Check or Money Order payable to the order of Standing Chapter 13 Trustee and remitted to:**

> **Standing Chapter 13 Trustee**
> **P. O. Box 734**
> **Tyler, Texas 75710**

5.    If applicable, the Trustee asserts that the case should be dismissed for lack of plan payments as an unreasonable delay by the Debtors that is prejudicial to the creditors pursuant to 11 USC 1307(c)(1).

Wherefore, premises considered, John J. Talton, Trustee, requests this case be dismissed and for such other relief for which the Trustee may show himself justly entitled.

        Respectfully submitted,

        John J. Talton, Chapter 13 Trustee


        /s/ John J. Talton
        John J. Talton, Trustee, SBN 19629700
        Lloyd T. Krause, SBN 24066773
        110 N. College Ave.
        Tyler, TX  75702
        (903) 593-7777; FAX (903) 597-1313


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion to Dismiss and Setting Hearing has been served upon the following parties in interest by mailing a copy of same to them via first class mail or electronically on 12/11/17:

STEVEN S. PACKARD
PACKARD LAPRAY
1240 ORLEANS ST
BEAUMONT, TX 77701

TRACEY J. FIRMIN
REBECCA A. FIRMIN
311 W. DREW
KIRBYVILLE, TX 75956

        /s/John J. Talton
          John J. Talton